UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJHIKEEM WOODS, | No. 2:14-cv-2458 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RODDRICK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed December 29, 2014, this court found that plaintiff's original complaint, ECF No. 1, stated claims against defendant Roddrick for excessive force and retaliation, but failed to state cognizable claims against defendants Hale or Arnold.  See ECF No. 11.  Plaintiff was accorded the option of proceeding on his original complaint against defendant Roddrick or filing an amended complaint in an attempt to add cognizable claims against additional defendants.  Id.  Plaintiff timely filed a First Amended Complaint (FAC).  See ECF No. 15.  Plaintiff also requested that this court direct prison officials to stop retaliating against him for utilizing the prison grievance system, by allegedly interfering with plaintiff's access to food, legal materials, legal mail and the law library, and by threatening plaintiff with harm.  See ECF Nos. 14, 16-7.

////

1     Review of both the original complaint and FAC demonstrates that plaintiff did not exhaust
2     his administrative remedies before commencing this action (or before filing the FAC).  For this
3     reason, the undersigned recommends dismissal of this action without prejudice.  The prior order
4     of this court finding cognizable claims against defendant Roddrick did not address this matter.
5     Additionally, due to plaintiff's February 2015 transfer from High Desert State Prison (HDSP) to
6     the California Substance Abuse Treatment Facility (CSATF), plaintiff's requests for
7     extraordinary relief should be denied as moot.

   The court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915A(b)(1) & (2).

   Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies
must generally decided pursuant to a motion for summary judgment under Rule 56, Federal Rules
of Civil Procedure.  Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).  The only exception is "[i]n
the rare event that a failure to exhaust is clear on the face of the complaint."  Id. at 1166 (in such
circumstances, defendant may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); see also
Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when an affirmative defense
appears on the face of the complaint).

   In the present case, plaintiff stated in his original complaint that his relevant
administrative grievance (CDC 602 Appeal) "is in the first level."  See ECF No. 1 at 2.  Plaintiff's
explanation did not assert that the grievance process was unavailable to him.[1]  In his FAC,

---

[1] Plaintiff stated in full, ECF No. 1 at 2:

> State officials are retaliating against me, causing a substantial risk upon my well-being and safety.  The inmate grievance is in the first level and internal affairs is involved with the investigation but state officials are threatening inmates that are around me who witnessed the facts contained in this complaint.

2

plaintiff stated that his grievance "is in the second level at this current moment."[2]  Again, plaintiff did not assert that the process was unavailable to him, although in both instances plaintiff complained that prison officials were retaliating against him for utilizing the grievance process.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a prerequisite to commencing a federal civil rights action.  "Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives[.]"  McKinney v. Carey, 311 F.3d 1198, 120-01 (9th Cir. 2002) (per curiam).  "The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  "Allowing Plaintiff to proceed with claims without having exhausted prior to filing his complaint would create an end-run around the PLRA."  Plummer v. Bannister, 2012 WL 7655996, *2 (D. Nev. 2012) (emphasis deleted).  Although a plaintiff may add newly exhausted claims in an amended complaint, he may not allege unexhausted claims in an original complaint if administrative remedies remain available.  Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims"); accord, Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

In the present case, it is clear that administrative remedies remained available when plaintiff filed his original complaint, because his grievance proceeded from first to second level

---

[2]  Plaintiff stated in full ECF No. 15 at 2:

> Prison officials are retaliating against me for filing grievances on this matter.  The inmate grievance is in the second level at this current moment.

3

1 review between the filing of his original and amended complaints.  Plaintiff does not contend

2 otherwise, and thus cannot reasonably assert that administrative remedies were effectively

3 unavailable to him when he filed his original complaint.[3]

4        Even after <u>Albino</u>, when it is clear from the face of the complaint that plaintiff did not

5 exhaust his available administrative remedies, the action must be dismissed for failure to state a

6 claim upon which relief may be granted.  <u>See</u> 42 U.S.C. § 1997e(a); 28 U.S.C. § 1915A(b)(1);

7 Fed. R. Civ. P. 12(b)(6); <u>see</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A

8 prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to

9 exhaustion applies."), overruled on other grounds by <u>Albino</u>, <u>supra</u>, 747 F.3d at 1166

10 (invalidating <u>Wyatt</u>'s authorization of an unenumerated Rule 12(b) motion as the vehicle for

11 defendants to assert a nonexhaustion defense); <u>accord</u>, <u>Sorce v. Garikpaetiti</u>, 2014 WL 2506213,

12 *3 (S.D. Cal. 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and

13 unequivocal on the face of his Complaint, the Court finds Plaintiff's case must be dismissed for

14 failing to state a claim upon which any relief may be granted") (citations omitted); <u>Young v.</u>

15 <u>Unnamed, Secretary of CDCR</u>, 2014 WL 5176386, *4 (S.D. Cal. 2014) ("based on Plaintiff's

16 concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the

17 Court finds that even if Plaintiff had sufficiently alleged an Eighth Amendment claim against the

18 Secretary, his Complaint would still be subject to dismissal) (citations omitted); <u>Lucas v. Director</u>

19 <u>of Dept. of Corrections</u>, 2015 WL 1014037, *4 (E.D. Cal. 2015) ("[P]laintiff's attempt to initiate

20 federal litigation prior to his full administrative exhaustion requires dismissal of this civil action

21 without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action")

22 (citations omitted).

---

[3] The requirement for exhaustion under the PLRA is not absolute.  <u>See</u> <u>Albino</u>, 697 F.3d at 1030–31.  As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'"  <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); <u>see also</u> <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available.").  "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" <u>Sapp</u>, 623 F.3d at 822 (citing <u>Nunez</u>, 591 F.3d at 1226); <u>accord</u> <u>Brown v. Valoff</u>, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance.").

Because it is clear from the face of the complaint that plaintiff did not attempt to pursue his claims through the administrative process before commencing this action, this is one of those rare cases in which dismissal for non-exhaustion is appropriate upon screening under 28 U.S.C. § 1915A(b)(1), and Rule 12(b)(6).  See Albino, 474 F.3d at 1166.

In addition, the undersigned finds that plaintiff's requests for extraordinary relief from HDSP officials, filed January 8, 2015, ECF No. 14, January 22, 2015, ECF Nos. 16 and 17, became moot upon plaintiff's transfer to CSATF on February 26-7, 2015, see ECF Nos. 18-9, and should be denied on that basis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's requests for extraordinary relief, ECF Nos. 14, 16-7, be denied as moot; and

2.  This action be dismissed without prejudice for failure to state a claim due to its commencement before plaintiff exhausted his available administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE